UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JIMELLA HARRIS, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:18-CV-284-TLS |
| CENTRAL STATES PENSION FUND, | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's, Central States, Southeast and Southwest Areas Pension Fund, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 13], the Plaintiff's, Jimella Harris, Motion for Judgment of Partial Findings [ECF No. 21], and the Plaintiff's Request for Sanctions [ECF No. 20].

**BACKGROUND**

The Plaintiff was married to a participant in the Defendant's pension plan from August 25, 1995 to August 27, 2003. (Pl.'s Compl. ¶ 5, ECF No. 1.) After the Plaintiff became aware that her ex-husband retired from the Defendant's employ, she contacted the Defendant on August 23, 2004 to state that she was entitled to her ex-husband's pension. (*Id.* ¶ 8.) The Plaintiff claimed her divorce decree from the Allen County Superior Court entitled her to her ex-husband's pension. The Plaintiff requested a lump sum payment of the money owed and verification of her beneficiary status. (*Id.* at 23.)

On September 14, 2004, the Defendant informed the Plaintiff that she was not entitled to benefits from the Defendant. (Def.'s Br. in Supp. of Mot. to Dismiss at 4, ECF No. 14.) The Defendant stated that the Plaintiff's divorce decree was not a Qualified Domestic Relations

1

Order (QDRO)[1] and a QDRO was needed because her ex-husband's pension was an ERISA regulated plan. (*Id*.) The Plaintiff would not be an alternate payee entitled to pension benefits until the Defendant received a QDRO. The Defendant then explained the requirements for a QDRO to the Plaintiff. (*Id*.)

The Plaintiff obtained a QDRO until May 2008. (Pl.'s Compl. ¶ 9.) On June 14, 2008, the Plaintiff sent the Defendant two versions of domestic relations orders, which she requested the Defendant qualify as QDROs. (Def.'s Reply to Pl.'s Mot. for Partial Findings at 3, ECF No. 30.) On June 10, 2008, the Defendant informed the Plaintiff it had received the two proposed QDROs and informed her that it would establish an escrow account for up to 18 months to determine whether the parties were able to submit an order that the Defendant considered a QDRO. (*Id*. at 4.) On September 17, 2008, the Defendant received a letter from the Plaintiff, which requested that the Defendant discontinue the escrow account established pursuant to the June 10, 2008 letter "because the May 22, 2008 Court Order was not submitted as a QDRO." (*Id*.) On September 18, 2008, the Defendant informed the Plaintiff's ex-husband that it would release the escrowed amounts. (*Id.*) The Defendant received a signed and notarized statement from both the Plaintiff and her ex-husband that requested the release of the escrowed amounts. (*Id*.) The Defendants ultimately determined that the remaining proposed QDRO was defective. (Def.'s Br. in Supp. of Mot. to Dismiss at 6.)

The Plaintiff's ex-husband died in November 2008 (Pl.'s Compl. at 75) and the Plaintiff appealed the denial of benefits in 2009. (Def.'s Reply to Pl.'s Mot. for Partial Findings at 6.) The Defendant advised the Plaintiff on June 17, 2009 that she was not eligible to receive any pension

---

[1] A Qualified Domestic Relations order is defined in § 206(b)(3)(B)(i) of ERISA as a "domestic relations order – (I) which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan, and (II) with respect to which the requirements of subparagraphs (C) and (D) are met…" 29 U.S.C. § 1056(d)(2)(B)(i).

benefit and the proposed QDROs were defective. (*Id.*) The Defendant determined that the Plaintiff was not eligible for a surviving spouse benefit because she was not married to her ex-husband at the time of his death. Since she had not submitted a QDRO assigning her surviving spouse rights and the Plaintiff's Decree of Dissolution of Marriage did not constitute a QDRO, she was not eligible for a surviving spouse benefit. (*Id.*) The Plaintiff later had a new proposed domestic relations order that could have qualified as a QDRO, but the Defendant needed a certified copy of the signed order entered by the Court. (*Id.*) The Defendant never received such an order. (*Id.*)

The Plaintiff requested that the Defendant reopen her appeal in 2018. On January 4, 2018, the Defendant informed the Plaintiff that while her appeal had been denied on June 9, 2009, it would review new information provided. (*Id.*) The Plaintiff, however, failed to provide any new information and the Defendant denied her request to reopen her 2009 appeal. (*Id.*) On February 1, 2018, the Plaintiff submitted an appeal in the administrative appeal process, which the Defendant's Benefit Claims Appeals Committee denied on March 21, 2018. (*Id.*) The Plaintiff then appealed to the Trustees and her appeal was denied again. (*Id.*)

The Plaintiff, proceeding pro se, filed a Complaint [ECF No. 1] and Motion for Leave to Proceed in Forma Pauperis [ECF No. 2] on September 11, 2018.[2] The Plaintiff lists several causes of action but all her arguments center around her claim that the Defendant breached its fiduciary duty to her as she was a beneficiary to the Defendant's plan. (Pl.'s Compl. ¶ 11.) The Plaintiff also alleges that there was willful concealment of material information on two fronts: (i) the Defendant willfully concealed its possession of the Plaintiff's divorce decree; and (ii) failed to notify the Plaintiff of the pension plan procedures. (*Id.* ¶¶ 13–14, 23(A)–(B).) Finally,

---

[2] The Court denied the Plaintiff's Motion to Proceed in Forma Pauperis [ECF No. 3] because her income exceeds the Poverty Line the United States Department of Health and Human Services established. *See* 42 U.S.C. § 9902.

the Plaintiff argues that the Defendant withheld $4,000 in an escrow fund for the Plaintiff and then required the funds to be returned to the Plaintiff. (*Id.* ¶ 20.)

On November 16, 2018, the Defendant filed a Motion to Dismiss [ECF No. 13] pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). First, the Defendant contends that the Plaintiff's Complaint failed to present a short and plain statement of her claim showing that she is entitled to relief pursuant to Rule 8(a)(2). (Def.'s Br. in Supp. of Mot. to Dismiss at 1.) Second, the Defendant argues that the Plaintiff's claims are barred by the three-year statute of limitations for fiduciary breaches. (*Id.*) The Plaintiff filed a response [ECF No. 19], the Defendant filed a reply [ECF No. 24], the Plaintiff filed a sur-response [ECF No. 26], and the Defendant filed an additional reply [ECF No. 29].

On November 26, 2018, the Plaintiff filed a Request for Sanctions [ECF No. 20] and a Motion for Judgment on Partial Findings [ECF No. 21]. The Plaintiff requests sanctions against the Defendant for failure to provide timely service and requests that the Court order that all future copies of filings are sent via express mail. (Pl.'s Mot for Sanctions at 1–2.) In her Motion for Judgment on Partial Findings, the Plaintiff argues that the Defendant should pay $4,000 due to loss of funds as a direct result of the Defendant's errors. (Pl.'s Mot. for J. on Partial Findings at 1–2.) The Defendant filed a response [ECF No. 28] to the Plaintiff's Motion for Judgment on Partial Findings and the Plaintiff filed a reply [ECF No. 30].

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). The Court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the Plaintiff, and accepts as true all reasonable inferences that may be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.,* 67 F.3d 605 ,608 (7th Cir 1995). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## ANALYSIS

**A. Defendant's Arguments Pursuant to Federal Rule of Civil Procedure 8(a)(2)**

The Defendant contends that the Plaintiff's Complaint fails to provide a short and plain statement of her entitlement to relief. (Def.'s Br. in Supp. of Mot. to Dismiss at 1.) The Plaintiff argues that her Complaint is sufficiently clear. (Pl.'s Resp. to Mot. to Dismiss at 2, ECF No. 19.)

Federal Rule of Civil Procedure 8(a)(2) requires a "showing" rather than a blanket assertion of entitlement to relief. *Twombly*, 550 U.S. at 556. There is no heightened pleading standard for a plaintiff who alleges breaches of fiduciary duties and ERISA violations. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For a Plaintiff proceeding pro se, the Court should liberally construe a complaint that has been prepared without the benefit of expertise to determine whether the pleader is entitled to relief. *French v. Heyne*, 547 F.2d 994, 996 (7th Cir. 1976). Dismissal of a complaint pursuant to Rule 8 is a harsh sanction and is appropriate where a complaint is "a confusing mishmash of disjointed allegations and random musings." *Carroll v. Dowling*, 2006 WL 2990420, at *2 (N.D. Ind. Oct. 19, 2006). A complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations." *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

The Plaintiff's complaint presents a plain, if not short, statement of the Plaintiff's entitlement to relief. The Plaintiff clearly articulates her belief that she is entitled to relief pursuant to 29 U.S.C. § 1132. Accordingly, the Court will not dismiss the Plaintiff's Complaint pursuant to Rule 8(a)(2). That a complaint is sufficient pursuant to Rule 8(a)(2), however, does not mean that it can survive an attack pursuant to 12(b)(6). A complaint which complies with Rule 8(a)(2) is not immune from a motion to dismiss. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). While Rule 8 requires a "short and plain statement" to demonstrate a plaintiff is entitled to relief, Rule 12(b)(6) provides for the dismissal of claims that fail to state a claim upon which relief can be granted. It is possible for a complaint to comply with Rule 8(a)(2) but "be highly vulnerable to dismissal under Rule 12(b)(6). *Id*. The Court thus

must analyze the Plaintiff's Complaint for 12(b)(6) sufficiency separately in accordance with the Defendant's Motion to Dismiss.

**B. Defendant's Arguments Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

The Defendant argues that the Plaintiff's Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6) because her claims are barred by a three-year statute of limitations contained in ERISA § 413(2). 29 U.S.C. § 1113(2). (Def.'s Br. in Supp. of Mot. to Dismiss at 1.) In response, the Plaintiff argues that the Defendant's willful fraudulent concealment extends the statute of limitations and cites ERISA §413, 29 U.S.C. §§ 1113, 1451, and ERISA § 4301(f)(2) in support. (Pl.'s Resp. to Mot. to Dismiss at 3).

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Kennedy v. Nat'l Juvenile Detention Ass'n*, 187 F.3d 690, 694 (7th Cir. 1994). An affirmative defense, a statute of limitations defense is not appropriate normally for a decision under a motion to dismiss pursuant to Rule 12(b)(6). *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). The Court may grant a 12(b)(6) motion predicated on the statute of limitations only when the allegations of the complaint set forth everything necessary to satisfy the affirmative defense. *Id*. at 383 ("Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit dismissal is proper without further pleading."); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008) (noting that a statute of limitations defense is appropriate "when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d

7

899, 901 (7th Cir. 2004) ("Only when the plaintiff pleads itself out of court – that is, admits all the ingredients of an impenetrable defense – may a complaint that otherwise states a claim be dismissed under Rule 12(b)(6)."); *Wilkow v. Forbes, Inc.*, 241 F.3d 552, 555 (7th Cir. 2001) (noting that a court will not grant a motion to dismiss for failure to state a claim unless the complaint is self-defeating.).

The Defendant argues that the Plaintiff has affirmatively pled herself out of Court because the statute of limitations accrued when she received notice in September 2004 that she was not entitled to benefits from the Defendant. (Def.'s Br. in Supp. of Mot. to Dismiss at 8.) Since the Plaintiff had actual knowledge of her harm in 2004, the Defendant argues, her claim is untimely and subject to dismissal. The Plaintiff argues that the Defendant committed "willful fraudulent concealment" when it responded to the Plaintiff's September 2004 letter with false information, which extends the statute of limitations. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 2, 6.) The Plaintiff's claims center around an alleged breach of fiduciary duty, for which 29 U.S.C. § 1113 provides the relevant statute of limitations. The statute provides:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty or obligation…(1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation. 29 U.S.C. § 1113(1)–(2).

The statutory period begins to run when the person harmed acquires "actual knowledge" of the occurrence. The Seventh Circuit defines "'[A]ctual knowledge' in this context as knowledge of the 'essential facts of the transaction or conduct constituting the violation,'" and has explained that this means it is "'not necessary for a potential plaintiff to have knowledge of every last detail of a transaction, or knowledge of its illegality.'" *Rush v. Martin Petersen Co.*, 83

8

F.3d 894, 896 (7th Cir. 1996) (quoting *Martin v. Consultants & Adm'rs, Inc.*, 966 F.2d 1078, 1086 (7th Cir. 1992). Even under the standard of review and limited scope of information considered pursuant to Rule 12(b)(6), the Court may find that the claim is untimely where a plaintiff has received notice and actual knowledge of the violation. *Biglands v. Raytheon Emp. Sav. & Inv. Plan*, 801 F. Supp. 2d 781, 788–89 (N.D. Ind. 2011). In September 2004, the Defendant informed the Plaintiff via letter that "no benefits would be payable to you from this Fund" due to the lack of a QDRO. The Plaintiff herself points to the September 2004 letter as "critical to this case." (Pl.'s Compl. at 3.) This letter demonstrates that the Plaintiff had actual knowledge of the alleged violation in September 2004 and the statute of limitations has long since expired.

The Plaintiff's argument that the statute of limitations should be either tolled or extended due to the Defendant's alleged fraud are unavailing. ERISA, at most, provides a six-year statute of limitations in cases of willful concealment or fraud. *Radiology Ctr., S.C. v. Stifel, Nicolaus & Co.*, 919 F.2d 1216, 1220 (7th Cir. 1990); 29 § U.S.C. 1113(2).[3] As the Court previously noted, the Plaintiff first had actual knowledge of her harm in 2004. Even with the six-year statute of limitations, the Plaintiff's claim is untimely.

Finally, the Plaintiff argues that there was a fiduciary breach by the Defendant regarding the "90-day period." (Pl.'s Sur-Resp. at 1, ECF No. 26.) The Defendant contends that this argument must fail as the 90-day period is irrelevant to the Plaintiff as it applies only to elections made by a participant who is married when they retire. (Def.'s Br. in Supp. of Mot. to Dismiss at

---

[3] The Court also notes that the Plaintiff's fraud claim does not trigger the six-year period by virtue of the "underlying nature of the plaintiffs' claim." *Radiology Ctr.,* 919 F.2d at 1220. "Fraud claims do not receive the benefit of ERISA's six-year statute of limitations simply because they are fraud claims. There must be actual concealment—i.e., some trick or contrivance intended to exclude suspicion and prevent inquiry." *Martin*, 966 F.2d at 1095 (internal quotations omitted). The Plaintiff has alleged no such concealment here.

9

5.) As the Plaintiff herself states in her Complaint, the Plaintiff and the participant were divorced prior to his retirement. (Pl.'s Compl. ¶ 5.) Thus, the 90-day period does not save the Plaintiff's Complaint for failing to state a claim for relief on statute of limitations grounds.

Accordingly, as the Plaintiff has pled herself out of Court on statute of limitations and other grounds, the Court GRANTS the Defendant's Motion to Dismiss.

**C. Remaining Motions**

The Plaintiff also filed a Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Request for Sanctions of Express Mail [ECF No. 20] and a Motion for Judgment on Partial Findings [ECF No. 21] on November 26, 2018. The Defendant filed a response [ECF No. 28] and the Plaintiff filed a reply [ECF No. 30].

In her Request for Sanctions, the Plaintiff requests that the Court impose appropriate sanctions against the Defendant "for not providing timely service and requests the court to order that all future copies of filings are sent to the Plaintiff by express mail, and all other proper and just relief." (Request for Sanctions ¶ 1.) The Plaintiff also includes arguments in rebuttal to the Defendant's Motion to Dismiss. (*Id*. ¶¶ 2–6.). The Plaintiff does not specify under which rule she brings sanctions, but Federal Rule of Civil Procedure 11 governs the Plaintiff's request. The Plaintiff's Request for Sanctions fails on two fronts: (1) the motion was not filed as a separate motion in contravention of Rule 11; and (2) the Plaintiff did not adhere to Indiana Local Rule 7-1(a), which requires motions to be filed separately. Due to the Plaintiff's failure to follow federal and local rules, the Court DENIES the Plaintiff's Motions for Sanctions.

In the Plaintiff's Motion for Judgment on Partial Findings, the Plaintiff requests that the Court order the Defendant to pay $4,000 to the Plaintiff as the Plaintiff incurred this loss due to the Defendant's actions. (Pl.'s Mot. for J. on Partial Findings ¶ 4.) This claim was already

presented in the Complaint that the Court considered. As previously explained, the statute of limitations for the Plaintiff's claims pursuant to ERISA has expired. The Court therefore DENIES the Plaintiff's Motion for Judgment on Partial Findings.

### D. Opportunity to Amend

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). As discussed above, the Plaintiff's claims against the Defendant pursuant to her present ERISA claims are clearly time-barred. Any future amendments would be futile and the Plaintiff's Complaint should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Defendant's Motion to Dismiss the Plaintiff's Complaint [ECF No. 13]. The Court DISMISSES WITH PREJUDICE all the Plaintiff's claims against the Defendant. The Court DENIES the Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Request for Sanctions [ECF No. 19] and Motion for Judgment on Partial Findings [ECF No. 21].

SO ORDERED on April 15, 2019.

                                              <u>s/ Theresa L. Springmann</u>
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT