UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JIMELLA HARRIS, | | |
| Plaintiff, | | |
| v. | | CAUSE NO.: 1:18-CV-284-TLS |
| CENTRAL STATES PENSION FUND, | | |
| Defendant. | | |

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's, Jimella Harris, Motion Pursuant to Federal Rule of Civil Procedure 59(a)(2), (b) and (e) [ECF No. 36] and Motion Pursuant to Federal Rule of Civil Procedure 60(a) and (b)(6) [ECF No. 37]. In these motions, the Plaintiff seeks reconsideration of the Court's April 15, 2019 Opinion and Order [ECF No. 31] granting the Defendant's Motion to Dismiss. For the foregoing reasons, the Court DENIES the Plaintiff's Motions.

**BACKGROUND**

The Plaintiff, proceeding pro se, filed a Complaint on September 11, 2018 [ECF No. 1], asserting a breach of fiduciary duty by the Defendant Central States Pension Fund under 29 U.S.C. § 1104(a). Pl.'s Compl. ¶ 11. The following facts, taken from the Plaintiff's Complaint and the exhibits attached to the Complaint, were set forth in the Court's April 15, 2019 Order. The Plaintiff was married to a participant in the Defendant's pension plan from August 25, 1995, to August 27, 2003. *Id*. ¶ 5. After the Plaintiff became aware that her ex-husband retired from his employment with the Defendant, she contacted the Defendant on August 23, 2004, to state that she was entitled to her ex-husband's pension. *Id*. ¶ 8, Ex. 8A. The Plaintiff asserted that her

divorce decree from the Allen County Superior Court entitled her to her ex-husband's pension. *Id*. Exs. 3, 8A. The Plaintiff requested a lump sum payment of the money owed and verification of her beneficiary status. *Id*. Ex. 8A.

On September 14, 2004, the Defendant informed the Plaintiff by letter that she was not entitled to benefits. *Id*. ¶ 8, Ex. 9A. In the letter, the Defendant stated that the Plaintiff's divorce decree was not a Qualified Domestic Relations Order (QDRO) and a QDRO was needed because her ex-husband's pension was an ERISA regulated plan. *Id*. Ex. 9A. The Defendant further explained that the Plaintiff would not be an alternate payee entitled to pension benefits until the Defendant received a QDRO. *Id*. The Defendant also set forth in the letter the requirements for a QDRO. *Id*.

The Plaintiff alleges that she endured a back-and-forth with the Defendant regarding a QDRO. *Id*. ¶ 9. The Plaintiff submitted a May 2008 order from the state court that the Defendant recognized as a "domestic relations order"; however, the Plaintiff did not submit the May 2008 order as a QDRO. *Id*.

In a June 10, 2008 letter, the Defendant addressed two proposed domestic relations orders that had been provided by the Plaintiff and indicated that either one would be deemed "Qualified" upon receipt of a certified copy. *Id*. ¶ 18, Ex. 9F at 1. The Defendant also informed the Plaintiff that it would establish an escrow account for up to 18 months to determine whether the parties were able to submit an order that the Defendant considered a QDRO. *Id*. Ex. 9F at 2. On September 18, 2008, the Defendant informed the Plaintiff's ex-husband by letter that it would release the escrowed amounts because the Order of Judgment required that he pay the Plaintiff directly from the benefit he receives from the Defendant. *Id*. Ex. 9G. The Defendant received a signed and notarized statement from both the Plaintiff and her ex-husband that requested the release of the escrowed amounts. *Id*. Ex. 9H.

The Plaintiff's ex-husband died in November 2008, *id*. Ex. 15C at 3, and the Plaintiff appealed the denial of benefits in 2009, *id*. Ex. 9M. On June 17, 2009, the Defendant advised the Plaintiff that she was not eligible to receive any pension benefit and that the proposed QDROs were defective. *Id*. Ex. 9M. The Defendant determined that the Plaintiff was not eligible for a surviving spouse benefit because she was not married to her ex-husband at the time of his death. *Id*. Since she had not submitted a QDRO assigning her surviving spouse rights and the Plaintiff's Decree of Dissolution of Marriage did not constitute a QDRO, the Plaintiff was not eligible for a surviving spouse benefit. *Id*.

In a December 4, 2017 letter, the Plaintiff requested that the Defendant reopen her appeal. *Id*. Ex. 14. On January 4, 2018, the Defendant informed the Plaintiff that, while her appeal had been denied on June 9, 2009, it would review new information provided by the Plaintiff. *Id*. Ex. 15. On February 1, 2018, the Plaintiff submitted an appeal in the administrative appeal process, which the Defendant's Benefit Claims Appeals Committee denied on March 21, 2018. *Id*. Ex. 15C. The Plaintiff then appealed to the Trustees, and her appeal was denied on May 8, 2018. *Id*. Exs. 15D, 15E.

In the Complaint filed with this Court, the Plaintiff alleged that "the Defendant breached its fiduciary duty to the Plaintiff as a beneficiary to the Defendant's Plan with such beneficiary status established by the Plaintiff's and Participant's divorce decree." *Id*. The Plaintiff alleged that there was willful concealment of material information on two fronts: (1) the Defendant willfully concealed its possession of the Plaintiff's divorce decree; and (2) the Defendant failed to notify the Plaintiff of the pension plan procedures. *Id*. ¶¶ 13–14, 23(A)–(B). Finally, the Plaintiff asked the Court to order the Defendant to pay Plaintiff the $4,000 that had been withheld in an escrow fund and later paid to the Plaintiff's ex-husband. *Id*. ¶ 20.

On November 16, 2018, the Defendant filed a Motion to Dismiss [ECF No. 13] pursuant to Federal Rule of Civil Procedure 2(b)(6), arguing that the Plaintiff's claims are barred by the three-year statute of limitations for fiduciary breaches. The Plaintiff filed a response, the Defendant filed a reply, the Plaintiff filed a sur-response, and the Defendant filed an additional reply.

On November 26, 2018, the Plaintiff filed a Motion for Sanctions [ECF No. 20]. The same date, the Plaintiff also filed a Motion for Judgment on Partial Findings [ECF No. 21], arguing that the Defendant should pay $4,000 due to loss of funds as a direct result of the Defendant's errors. The Defendant filed a response to the Plaintiff's Motion for Judgment on Partial Findings, and the Plaintiff filed a reply.

On April 15, 2019, this Court issued an Opinion and Order granting the Defendant's Motion to Dismiss the Plaintiff's Complaint, denying the Plaintiff's Motion for Sanctions, and denying the Plaintiff's Motion for Judgment on Partial Findings [ECF No. 31]. The Court dismissed the Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), finding that her claims were barred by ERISA's statute of limitations for fiduciary breaches set out in 29 U.S.C. § 1113.

In its ruling, the Court noted that the Plaintiff alleged that she had been married to her husband from August 25, 1995, to August 27, 2003, and that she alleged entitlement to a portion of her ex-husband's pension based upon a Divorce Decree entered in her divorce case in state court. Apr. 15, 2019 Op. and Order 1. The Court found that, based on the allegations of the Complaint, the Plaintiff had actual notice of the alleged breach of fiduciary duty when she received the September 14, 2004 letter informing her that she was not entitled to benefits due to the lack of a QDRO. *Id*. 9. As a result, the Court held that her claims are barred by the statute of

limitations. *Id*. The Court rejected the Plaintiff's argument that the statute of limitations should be extended based upon alleged willful fraudulent concealment. *Id*.

The Court also considered the Plaintiff's claim that there was a fiduciary breach regarding the 90-day period to elect survivor benefits set out in the ERISA plan and the Defendant's argument that the 90-day period is irrelevant because it only applies to elections made by participants who are married at the time of retirement. *Id*. 9–10. Relying on the Plaintiff's allegation that she and her ex-husband were divorced prior to his retirement, the Court found that the 90-day period did not save the Plaintiff's Complaint from being barred by the statute of limitations. *Id*. 10. Finally, as to the Plaintiff's allegation in her Complaint that she is entitled to a $4,000 payment, which she had also raised in her Motion for Judgment on Partial Findings, the Court found that the statute of limitations for the Plaintiff's claims under ERISA had expired. *Id*. 10–11.

Judgment was entered on April 16, 2019 [ECF No. 32], and an Amended Judgment was entered on April 17, 2019 [ECF No. 33]. The Plaintiff then filed the instant Motions to Reconsider on May 16, 2019 [ECF Nos. 36, 37]. The motions are fully briefed.

**ANALYSIS**

The Plaintiff's Motions to Reconsider the Court's April 15, 2019 Opinion and Order are identical in all respects except that one is brought under Federal Rules of Civil Procedure 59(a)(2), (b), and (e) and the other is brought under Federal Rules of Civil Procedure 60(a) and (b)(6). In these motions, the Plaintiff argues that the Court misunderstood and misapplied material facts and law in relation to the Defendant allegedly failing to timely notify her of the 90-day period to elect survivor benefits set out in the ERISA plan.

A motion to alter or amend judgment under Rule 59(e) may be brought based on "newly discovered evidence, an intervening change in the controlling law, [or] manifest error of law."

*Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). However, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). The Plaintiff's motion, filed on May 16, 2019, was filed 29 days after the Amended Judgment was entered on April 17, 2019, and, thus, the motion is outside the 28-day deadline.[1] When a Rule 59(e) motion is not timely filed, it "automatically becomes a Rule 60(b) motion." *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742–43 (7th Cir. 2009); *see also Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013). Thus, the Court considers both motions as Motions to Reconsider under Rule 60(b).

Before turning to Rule 60(b), the Court addresses Federal Rule of Civil Procedure 60(a), referenced by the Plaintiff. Rule 60(a) allows a court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). However, "[t]he past cannot be rewritten; Rule 60(a) allows a court to correct records to show what *was* done, rather than change them to reflect what *should have* been done." *Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006). In the instant motions, the Plaintiff does not identify a clerical mistake or a mistake arising from oversight or omission; rather, the Plaintiff challenges the Court's understanding of the facts and application of law. Therefore, Rule 60(a) is not at issue.

Federal Rule of Civil Procedure 60(b) allows for relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] The Plaintiff is incorrect that her motion was timely based on the three-day grace period afforded to those receiving notice by mail under Federal Rule of Civil Procedure 6(d). Pl.'s Resp. to Def.'s Consolidated Resp. to Pl.'s Mots. Pursuant to Fed. R. of Civil Pro. 59(a)(2), (b) and (e) and 60(a) and (b)(6) at 1, ECF No. 39; *see also* Fed. R. Civ. P. 6(d). Rule 6(d)'s grace period does not extend the deadline for Rule 59(e) motions because the time to act runs not from the service of a notice but from the entry of judgment. *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013).

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Thus, the Plaintiff's Motions for Reconsideration under Rule 60(b) are timely.

"A motion under Rule 60(b) is a collateral attack on the judgment and the grounds for setting aside a judgment under this rule must be something that could not have been used to obtain a reversal by means of a direct appeal." *Kiswani*, 584 F.3d at 743 (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)). "A motion brought under Rule 60(b) is limited to the grounds specified in Rule 60(b) or extraordinary circumstances." *Williams*, 737 F.3d at 476.

The Plaintiff does not make any argument that would support an analysis of Rules 60(b)(2)–(5). This leaves Rules 60(b)(1) and 60(b)(6). Rule 60(b)(1) allows relief based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As a motion under Rule 60(b) must be brought on grounds "'that could not have been used to obtain a reversal by means of a direct appeal[,]' . . . errors of law and fact generally do not warrant relief under Rule 60(b)(1) and certainly do not require such relief." *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (quoting *Kiswani*, 584 F.3d at 743; citing *Gleash v. Yuswak*, 308

F.3d 758, 761 (7th Cir. 2002)).[2] A motion under Rule 60(b)(6), the "catchall" provision, requires the showing of extraordinary circumstances to warrant reopening a final judgement. *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). A court may consider a variety of factors to determine extraordinary circumstances, including "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863–64 (1988)). Rules 60(b)(1) and 60(b)(6) are mutually exclusive. *Pearson*, 893 F.3d at 984.

In the Motions to Reconsider, the Plaintiff argues that "there remain disputes of material facts" and "there are grounds for difference of opinion on questions of law," [ECF No. 36 at 1; ECF No. 37 at 1]. In support, the Plaintiff focuses solely on the 90-day period set out in the ERISA plan documents for a married participant to change an election made at retirement and argues that the date in 2017 that the Plaintiff learned about the 90-day period should trigger the statute of limitations. In its April 15, 2019 Opinion and Order, the Court found that the statute of limitations began to run when the Plaintiff was notified in September 2004 that she must submit a QDRO in order to receive a portion of her ex-husband's pension benefits because the September 2004 letter provided her with actual knowledge of the alleged breach of fiduciary duty. And, the Court found that the 90-day period for a married participant to change an election made at retirement is not at issue in this case because the Plaintiff and her ex-husband (the plan

---

[2] If there is no concern that a party filing a Rule 60(b) motion is attempting to circumvent the time limit for filing an appeal, "a district court may grant relief under Rule 60(b)(1) to correct errors that might also be corrected on direct appeal." *Banks v. Chi. Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) (citing *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000)). In this case, however, the Plaintiff's time to appeal had expired when she filed the instant Motions to Reconsider. Therefore, the Plaintiff must assert "grounds for relief 'that could not have been used to obtain a reversal by means of a direct appeal.'" *Id*. (citing *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009)).

participant) were not married at the time her ex-husband retired. In her motion for reconsideration, the Plaintiff contends that the 90-day period was "new, material information" that the Defendant fraudulently and willfully concealed and that she did not learn of until 2017. The Plaintiff reasons that the Defendant should have included notice of the 90-day period in the September 2004 letter and that the failure to do so tolls the statute of limitations.

In other words, the Plaintiff disagrees with the Court's analysis of the 90-day period applicable to plan participants who are married at the time of retirement and with the Court's finding that the 90-day period is not at issue in this case because the Plaintiff and her ex-husband were divorced at the time of his retirement. This challenge to the Court's legal analysis could have been brought on a timely direct appeal, and Rule 60(b) is not a vehicle for asserting legal error. *See Gleash*, 308 F.3d at 761 ("[L]egal error is not a proper ground for relief under Rule 60(b)."). Likewise, the Plaintiff has not identified any exceptional circumstances that warrant reopening the judgment under Rule 60(b)(6). Therefore, the Plaintiff has not established any basis under Rule 60(b) for the Court to reconsider its April 15, 2019 Opinion and Order dismissing the Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion Pursuant to Federal Rule of Civil Procedure 59(a)(2), (b) and (e) [ECF No. 36] and Motion Pursuant to Federal Rule of Civil Procedure 60(a) and (b)(6) [ECF No. 37] are DENIED.

SO ORDERED on August 5, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT